IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-HC-2078-M-RJ

| | | |
|---|---|---|
| WILLIAM YATES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TODD E. ISHEE, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a state inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on respondent's motion to dismiss [D.E. 15], which the court construes as a motion for summary judgment where respondent relies on evidence outside the pleadings. Petitioner did not respond. For the reasons discussed below, respondent's motion is granted.

STATEMENT OF THE CASE

On April 19, 2023, petitioner filed the instant petition challenging his security classification. (Pet. [D.E. 1] at 1–2). Following frivolity review, the matter was allowed to proceed.

On October 15, 2024, respondent filed the instant motion for summary judgment. In support, respondent filed a memorandum in support and appendix of exhibits consisting of the following: (1) affidavit of Teresa O'Brien, Director of Combined Records for the North Carolina Department of Adult Correction ("NCDAC"); (2) state court records; and (3) petitioner's sentencing calculation. That same day, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th

Cir. 1975), the court notified petitioner about the motion for summary judgment, the consequences of failing to respond, and the response deadline. As noted above, petitioner did not respond.

DISCUSSION

A.      Legal Standard

The court construes moving defendants' motion as seeking summary judgment where matters outside the pleadings were submitted and the court relies upon same herein. See Fed. R. Civ. P. 12(d).[1] Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn

---

[1] The court provided plaintiff notice that the instant motion may be construed as seeking summary judgment. [D.E. 17]. There is no indication that the summary judgment record provided herein is deficient. See Pledger v. Lynch, 5 F.4th 511, 526 (4th Cir. 2021).

2

therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

B.  Analysis

Respondent has satisfied his burden in identifying evidence of record demonstrating the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323; (see also Resp't Mem. in Supp. [D.E. 16] at 1–9). Thus, the burden shifts to petitioner, and he "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 587. Petitioner has not responded to respondent's motion for summary judgment, and his petition is not verified. Therefore, he has not met his burden, and respondent is entitled to judgment as a matter of law. See Celotex, 477 U.S. at 324; Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (concluding a verified complaint can defeat a motion for summary judgment).

## CONCLUSION

For the reasons discussed above, the court GRANTS respondent's motion for summary judgment [D.E. 15]. The court DENIES a certificate of appealability and DIRECTS the clerk to close the case.

SO ORDERED this 30th day of September, 2025.

*Richard E Myers II*
RICHARD E. MYERS II
Chief United States District Judge